STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-04-344
TDW-

PETER J. GUIDI, JR.,

Plaintiff,

v.                                                     ORDER

HANNAFORD BROS CO., et al.,

Defendants.

In this case plaintiff Peter Guidi asserts that he was defamed by defendants Hannaford Bros. Co. and Andrea Atripaldi. Before the court is defendants' motion for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of this summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for summary judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

<u>Undisputed Facts</u>

For purposes of the defendants' motion, the following facts are undisputed.[1] At the time of the alleged defamation, Guidi was working for a company called Can & Bottle Systems, Inc. (CBSI), which was seeking to sell customer-operated beverage container redemption machines to Hannaford Bros. Defendants' Statement of Material Facts filed December 20, 2004 (DSMF) ¶ 1 (admitted). During discussions with Atripaldi, an employee of Hannaford, Guidi was given permission to obtain certain UPC codes needed to operate the CBSI machines by copying or "imaging" the hard drive of a Haltek machine then in use by Hannaford. DSMF ¶ 3 (admitted); Plaintiff's Statement of Additional Material Facts filed January 28, 2005 (PSAMF) ¶ 13. The Haltek machine, however, belonged to a company called TOMRA, which is a competitor of CBSI, and its hard drive contained not only UPC code information but proprietary software owned by TOMRA. DSMF ¶ 4 (admitted). At the time he copied the Haltek hard drive, Guidi did not know that any information on the hard drive was proprietary or that Atripaldi and Hannaford were not authorized to allow him to copy the hard drive. PSAMF ¶¶ 14-15.

On February 5, 2004, Guidi was observed copying the hard drive by a representative of TOMRA and he telephoned Altipaldi to warn her that Hannaford would likely hear from TOMRA. PSMF ¶ 17; DSMF ¶ 6 (admitted). Later that day Atripaldi telephoned Guidi and conveyed to him that she was upset over the incident. For purposes of the instant motion, the court accepts Guidi's assertions that in the conversation she failed or declined to take responsibility for her actions and accused Guidi of leading her into unethical conduct. PSMF ¶ 18. However, the only parties to

---

[1] Defendants have reserved the right to challenge certain of plaintiff's factual assertions, but accept plaintiff's version of events for purposes of summary judgment.

the telephone conversation were Atripaldi and Guidi, and the conversation was not recorded. DSMF ¶ 8 (admitted).

The next day, Atripaldi sent an email to Guidi and to four other CBSI employees[2] with a copy to her own supervisor at Hannaford. The text of the email, in its entirety, reads as follows:

> While Hannaford is very interested in the CBSI machines, we are not comfortable with the situation that presented itself this week. Hannaford conducts its business in an ethical environment that requires us to filter all decisions through several criteria. The two most important are 1). Is it legal, 2). Is it ethical. Clearly, now that I understand the nature of the information that was being "imaged" from the Haltek unit in order to drive down to UPC and Distributor, these two criteria were not met.
>
> In conclusion, I and my counterparts have decided to suspend exploration into the Scarborough test. Please feel free to call with any questions or concerns.

DSMF ¶ 9 (admitted). Guidi was terminated by CBSI shortly thereafter. PSMF ¶ 20.

Guidi's defamation claim is based on two communications: (1) the February 5, 2004 telephone call he received from Atripaldi and (2) the February 6, 2004 email. DSMF ¶ 12 (admitted). Although Guidi did not understand when he copied the Haltek hard drive that he should not have done so, he now agrees that copying another company's proprietary information was illegal and unethical. DSMF ¶ 13.[3]

Discussion

Defendants are entitled to summary judgment dismissing Guidi's claim that he was defamed by Atripaldi in the February 5, 2004 telephone call because, regardless of

---

[2] The CBSI employees who received the email in addition to Guidi were CBSI's president and general manager as well as the person responsible for inside sales and a person designated as responsible for "product." DSMF ¶ 10 (admitted).

[3] The statement of material facts filed by plaintiff on January 28, 2005 did not respond to this paragraph of defendants' statement of material facts and this paragraph is therefore admitted. Moreover, the paragraph in question is based on answers Guidi gave in a September 20, 2004 deposition at 48-51.

what Atripaldi said in that telephone call, it was said only to Guidi. Defamation requires, *inter alia*, that there was an unprivileged communication "to a third party". E.g., Lester v. Powers, 596 A.2d 65, 69 (Me. 1991); Restatement, Second, Torts, § 558(b). In this case, the court need not determine whether the telephone call was privileged because whatever was said in the telephone call was not published to any third party.

Defendants are also entitled to summary judgment dismissing Guidi's defamation claim based on the February 6, 2004 email. This is true for two reasons. First, the email does not state or suggest that Guidi was responsible for illegal or unethical action. It expresses Hannaford's discomfort with the situation, states that Altipaldi now understands that the imaging of the Haltek hard drive was not legal or ethical, and concludes that Hannaford had decided not to continue the project as previously contemplated. The email does not suggest that Guidi was the culpable party; it is equally consistent with an acknowledgment that Hannaford had unintentionally breached its own standards.

Guidi appears to argue that the email should be considered in light of the preceding telephone conversation to suggest that he was in fact being accused of responsibility for unethical behavior. If this argument were accepted, however, it would allow Guidi to circumvent the requirement that a party may only be held liable for defamation based on a communication that is published to a third party. To constitute an actionable defamation, the email must be defamatory standing on its own.[4]

---

[4] It may be that CBSI concluded that Guidi was at fault after reading the email and therefore terminated him. This may also have been unfair. The court does not have before it any facts as to why CBSI saw fit to terminate Guidi. Whether of not the email had unfair consequences for Guidi, however, is beside the point. He is suing for defamation, and in that context the dispositive point is that the email is not defamatory.

4

The second reason that the email is not defamatory is that, to the extent it states that the imaging of the hard drive was unethical, this has now been acknowledged by Guidi to be true. See DSMF ¶ 13; Guidi Dep. (9/20/04) 48-51. To be sure, Guidi states he did not know that at the time, and there may be a dispute as to whether Guidi knew the imaging was unethical at the time (or at least had a greater reason to know that than Atripaldi) and whether he led Atripaldi into unethical behavior. However, Atripaldi's email does not state or suggest that Guidi knew or should have known that the imaging was unethical.

The entry shall be:

> Defendants' motion for summary judgment is granted and the complaint is dismissed. The clerk is hereby directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED: August 3, 2005

Hon. Thomas D. Warren
Justice, Superior Court

5

HERSCHEL LERMAN, ESQ.
PO BOX 2010
BIDDEFORD, ME 04005-1843



WENDELL LARGE, ESQ.
PO BOX 9545
PORTLAND, ME 04112-9545